CORRECTED OPINION
PER CURIAM.
Finding that the trial court properly applied the applicable provision of the Dade County Home Rule and Charter,[1] we affirm the trial court’s holding that Dr. Miriam Alonso is not qualified to participate in the County Commission District 7 election. See Dade County v. Young Democratic Club of Dade County, 104 So.2d 636 (Fla. 1958).
On the cross-appeal of Charles Dusseau and Beverly Phillips, we reverse the final decree insofar as it requires the Dade County Supervisor of Elections to schedule a new primary election. On this point the trial court’s discretion is limited by article 2, section 201(B) of the Home Rule Amendment and Charter of Metropolitan Dade County, Florida.[2] We direct that the Supervisor of Elections conduct a run-off election in accordance with the foregoing provisions.
In reaching these results we explicitly do not address any federal questions.
Affirmed in part, reversed in part and remanded with directions.
A candidate must receive a majority of the votes cast to be elected. If no candidate receives a majority of the votes cast there will be a runoff election at the time of the state second primary election between the two candidates receiving the highest number of votes. Should a tie result, the outcome shall be determined by lot.

. Article 1, section 1.04(1), of the Dade County Home Rule and Charter reads as follows:
The Board shall consist of nine members elected as follows:
1. From each of the eight districts there shall be elected by the qualified electors of the county at large a County Commissioner who shall be a qualified elector residing within the district at least six months and within the county at least three years before qualifying.

. Article 2, section 201(B), reads as follows: